AGNES S. GILMARTIN et al., as Executors of THOMAS D. GILMAR-TIN, Deceased, Plaintiffs, *v.* OSBORNE TRUST COMPANY, Defendant.

County Court, Suffolk County, March 24, 1943.

*David Glickman* and *Edgar L. Hazleton* for plaintiffs.

*Benjamin Michne* and *Harry J. Stephens* for defendant.

HILL, J. The plaintiffs have moved for summary judgment on the pleadings pursuant to rule 113 of the Rules of Civil Practice or, in the alternative, granting partial summary judgment.

The action is one brought by the plaintiffs as executors of the last will and testament of Thomas D. Gilmartin, deceased.

Thomas D. Gilmartin died on October 4, 1941, at which time there was on deposit in the defendant bank the sum of $2,623.52 to the credit of the deceased. At that time the bank was the owner and holder of a note made by the deceased in the sum of $800 dated August 21, 1941, and due November 21, 1941. The bank was also the owner of four bonds given by the defendant and secured by four separate mortgages on four separate parcels of real property on which there was on October 4, 1941, past-due interest in the sum of $1,650.

Subsequent to the death of Thomas D. Gilmartin and on October 6, 1941, the defendant bank without authorization withdrew from the account of the deceased the sum of $2,450 and applied same in payment of the note and past due interest.

This action is brought to recover the sum of $2,450 so appropriated. The defendant answers by way of a separate defense alleging in substance that the deceased obtained credit from the bank by giving a financial statement wherein he agreed that upon any change in his financial condition he would immediately notify the bank. The defendant further alleges that subsequent to the filing of the financial statement the deceased " made substantial changes in his financial condition, * * * without the knowledge of the defendant." It is also alleged by the defendant that Thomas D. Gilmartin rendered himself insolvent and in so doing made his note of $800 past due and payable as of the date of his death and also made the arrears of interest on the mortgages past due and payable as of the date of death.

The defendant further contends that the complaint of the plaintiffs does not state a cause of action on the specific ground that no demand is alleged. This position is untenable. To make a formal demand in this case is but an idle ceremony. The defendant not only does not deny the appropriation but alleges it. To say that the money is still in the bank at the same time admitting that it is no longer held for the deceased or for the representatives of his estate is misleading to say the least. (*Sokoloff* v. *National City Bank,* 250 N. Y. 69, affg. 223 App. Div. 754.)

The four mortgages, on which interest was past due, were foreclosed subsequent to the death of Thomas D. Gilmartin.

The defendant was not in a position to charge the estate with interest due on deceased's mortgages. Section 250 of the Real Property Law reads: " Mortgages and other charges on real property inherited or devised. Where real property, subject

to a mortgage executed by any ancestor or testator, or subject to any other charge, including a lien for unpaid purchase money, descends to a distributee, or passes to a devisee, such distributee or devisee must satisfy and discharge the mortgage or other charge out of his own property, without resorting to the executor or administrator of his ancestor or testator, unless there be an express direction in the will of such testator, that such mortgage or other charge be otherwise paid.''

The defendant by foreclosing the mortgages has elected to look to the real property to satisfy his bonds. How does defendant know that the real property will not satisfy its claim until a sale has been had? (*Matter of Pinkney*, 257 App. Div. 862.)

The note presents quite a different proposition. Should the defendant be able to establish its contention that Thomas D. Gilmartin was insolvent at the time of his death then the action taken in accelerating the due date of the note was warranted. (*Peyman* v. *Bowery Bank of New York*, 14 App. Div. 432.)

Plaintiffs' motion for partial summary judgment granted to the extent of $1,650. Judgment accordingly.